Russell JENSEN, Petitioner,

v.

WEEKS MARINE, INC.,

and

Director, Office of Workers' Compensation Programs, United States Dep't of Labor, Respondents.

Docket No. 03–4492.

United States Court of Appeals, Second Circuit.

Argued: Sept. 24, 2003.

Decided: Oct. 6, 2003.

James R. Campbell, Middle Island, N.Y. (Norman S. Goldsmith, New York, NY, on the brief), for Petitioner–Appellant Russell Jensen.

Christopher J. Field, Field, Womack & Kawczynski, South Amboy, NJ, for Respondent–Appellee Weeks Marine, Inc.

Peter B. Silvain, Office of the Solicitor, United States Department of Labor (Howard M. Radzeley, Acting Solicitor of Labor, Donald S. Shire, Associate Solicitor, Patricia M. Nece, and Marc S. Flynn, on the brief), for Respondent–Appellee Director, Office of Workers' Compensation Programs, U.S. Dep't of Labor.

Before: MESKILL, KATZMANN and RAGGI, Circuit Judges.

PER CURIAM.

In this petition for review pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 (2003) ("The Act" or the "Longshore Act"), petitioner Russell Jensen challenges the Benefits Review Board's affirmance of an Administrative Law Judge's decision to modify a benefits award Jensen had previous received. Although we affirm the order of the Board and deny the petition, we write to clarify the proper legal standard for an ALJ to apply in petitions for review under Section 22 of the Act.

## BACKGROUND

Jensen was a carpenter and dock builder employed by Respondent Weeks Marine, Inc. ("Weeks"). On June 22, 1991, he was injured while acting in the course and scope of his employment. Weeks paid Jensen compensation for a permanent four percent disability as well as temporary total disability, medical, and wage replacement benefits until June 22, 1994, at which time the benefits were terminated. Jensen filed a claim for benefits pursuant to the Longshore Act, 33 U.S.C. § 919. A hearing was conducted before an Administrative Law Judge ("ALJ") on March 24, 1995. The ALJ issued a written decision on March 25, 1996, finding that Jensen had not injured his lower back, that he had injured his leg, that Jensen had reached "maximum medical improvement," that residual permanency was capped at 4%, and that Weeks's evidence of alternate employment was insufficient. The ALJ accordingly awarded permanent total disability benefits to Jensen.

Weeks subsequently developed additional medical evidence about Jensen's condition. It also developed additional vocational evidence, with Jensen's cooperation. (Prior to the initial hearing, Jensen had refused to cooperate with Weeks's assess-

ment.) Weeks moved pursuant to 33 U.S.C. § 922 for modification of the ALJ's award on July 30, 1996. Because the original ALJ had retired, the motion was assigned to a new ALJ, who held a hearing on March 19–20, 1998. In a written order dated June 5, 1998, the ALJ denied Weeks's motion for modification. The ALJ reasoned that the evidence presented by Weeks could have been discovered by the initial hearing, and that Weeks was merely attempting to re-litigate issues resolved by the first hearing.

Weeks appealed to the Benefits Review Board (the "Board" or the "BRB"), which reversed the ALJ, holding that Weeks had proffered evidence that, if credited, could establish an entitlement to modification. *Jensen v. Weeks Marine, Inc.*, 33 BRBS 97, 1999 WL 645271 (DOL Ben. Rev. Bd.1999) (*"Jensen I"*). The Board remanded to the ALJ with instructions to consider whether the evidence supported Weeks's claim that suitable alternate employment was available.

Upon remand, the ALJ reviewed the entire record and awarded partial permanent disability benefits pursuant to 33 U.S.C. § 908(c)(21). Both parties appealed to the Board, which issued a written opinion on October 24, 2000, vacating the award and directing the ALJ to review the entire record. *Jensen v. Weeks Marine, Inc.*, 34 BRBS 147, 2000 WL 1675531 (DOL Ben. Rev. Bd. 2000) (*"Jensen II"*). On remand, the ALJ yet again denied the modification request. Weeks appealed again, and the Board reversed the ALJ. *Jensen v. Weeks Marine, Inc.*, BRB No. 01–0532, 2001 WL 1564033 (DOL Ben. Rev. Bd. 2001) (*"Jensen III"*). The Board for the third time directed the ALJ to consider the specific evidence proffered by Weeks and to determine whether that evidence met Weeks's burden to demonstrate changed circumstances. On the third re-

mand, the ALJ issued a five-sentence order, noting that "there is no question that the Board has unequivocally determined that whatever characteristics it takes to render a matter appropriate for modification under Section 22 of the Act, this case possesses such characteristics." Order of ALJ Romano, 1995–LHC–00217 (April 25, 2002), at 1 (slip op.). The ALJ then granted the motion for modification, noting that "overwhelming evidence" in the record supported the proposition that Jensen could perform alternate employment. The ALJ modified Jensen's benefits award to an already paid permanent partial disability award, thereby denying any future disability benefits. Jensen appealed, and the Board affirmed in a written decision dated January 15, 2003. (*"Jensen IV"*). This Petition for Review followed.

## STANDARD OF REVIEW

 As this Court has noted, under the Longshoreman's Act "[t]he scope of our review is limited: 'We will only consider whether the BRB made any errors of law and whether the ALJ's findings of fact, in light of the entire record, are supported by substantial evidence.'" *Sealand Terminals, Inc. v. Gasparic*, 7 F.3d 321, 323 (2d Cir.1993) (per curiam) (quoting *Crawford v. Director, OWCP*, 932 F.2d 152, 154 (2d Cir.1991)). Decisions of law by the Board are reviewed *de novo. Universal Maritime Service Corp. v. Spitalieri*, 226 F.3d 167, 172 (2d Cir.2000).

## DISCUSSION

This case presents a question about the proper interpretation of Section 22 of the Longshore Act, 33 U.S.C. § 922 ("Section 22"), which provides for the modification of a previously entered decision on a benefits application. Section 22 reads, in relevant part:

Upon his own initiative, or upon the application of any party in interest . . ., on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, . . . or at any time prior to one year after the rejection of a claim, review a compensation case . . . in accordance with the procedure prescribed in respect of claims in section 919 of this title, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.

33 U.S.C. § 922.

 As we have noted, under section 22 "[t]he authority of an ALJ to modify existing orders based on mistakes in fact . . . is broad." *Spitalieri*, 226 F.3d at 175. An ALJ's authority to modify an existing order for a change in conditions is similarly broad, for as the Supreme Court has indicated in *Metropolitan Stevedore Co. v. Rambo*, 515 U.S. 291, 115 S.Ct. 2144, 132 L.Ed.2d 226 (1995), that statutory phrase refers to any change in the conditions that formed the basis of the entitlement to benefits in the first place. *See id.;* *O'Keeffe v. Aerojet–General Shipyards, Inc.*, 404 U.S. 254, 92 S.Ct. 405, 30 L.Ed.2d 424 (1971) (per curiam); *Banks v. Chicago Grain Trimmers Ass'n*, 390 U.S. 459, 88 S.Ct. 1140, 20 L.Ed.2d 30 (1968). Thus, as the Fourth Circuit described it, "the modification process is flexible, potent, easily invoked, and intended to secure 'justice under the act.'" *Betty B. Coal Co. v. Director, OWCP*, 194 F.3d 491, 497–98 (4th Cir.1999) (quoting *Banks*, 390 U.S. at 464, 88 S.Ct. 1140).

 In the instant case, the Board's language in its first decision may be read

to imply that a section 22 movant must make some "threshold" proffer of new evidence before it is entitled to a review of the entire record. *See Jensen I*, 1999 WL 645271, at *4–*5. This impression would be error. As the Supreme Court has ruled, an ALJ may modify a prior order "to correct mistakes of fact whether demonstrated by wholly new evidence, cumulative evidence, or *merely further reflection on the evidence initially submitted.*" *O'Keefe*, 404 U.S. at 256, 92 S.Ct. 405 (emphasis added). Thus, Weeks was not required to show that the evidence it had developed was not available before first hearing in order to secure a modification hearing.

 Further, section 22, which incorporates by reference the procedural requirements of section 19, expressly mandates that modification petitions are reviewed *de novo*, and that the ALJ is not bound by any previous fact-findings. *Betty B. Coal Co.*, 194 F.3d at 498–99. After the motion for modification has been made, the ALJ has the "authority, if not the duty, to reconsider all the evidence for any mistake of fact or change in conditions." *Consolidation Coal Co. v. Worrell*, 27 F.3d 227, 230 (6th Cir.1994).

The Board's citation to *General Dynamics Corp. v. Director, OWCP*, 673 F.2d 23 (1st Cir.1982) may add to the confusion. Although *General Dynamics* contains some language about finality, *see id.* at 26 ("[p]arties should not be permitted to invoke § 22 to correct errors or misjudgments of counsel"), the holding of the opinion is directed towards the moving party's failure to raise a Section 8(f) affirmative defense in the prior proceeding. *Id.; see also* 33 U.S.C. § 908(f)(3) ("Failure to present [a § 8(f)] request prior to ... consideration shall be an absolute defense to ... liability"). We believe that it is better to resist reading the *General Dynamics* dicta too broadly. *Cf. Old Ben Coal Co.*, 292 F.3d at 545 (noting that finality language in *General Dynamics* is inconsistent with Supreme Court precedent and statutory language)

 To emphasize the breadth of Section 22 is not to overlook the fact that the party seeking modification still bears the burden of establishing that modification is appropriate. But to the extent that the Board's decision may imply that, as a threshold matter, the moving party must proffer evidence of a change in conditions or newly-discovered evidence, such a reading would improperly restrict the mistake of fact ground, which is well-established.[1]

 Despite our concern that the Board's first decision may be misinterpreted, we nonetheless believe that the Board correctly remanded the claim for reconsideration. We further conclude that the ALJ's ultimate finding on remand that Jensen could perform in suitable alternate employment, when viewed in light of the record as a whole, is supported by substantial evidence.

 Finally, Jensen attempts to raise an issue with respect to the ALJ's award of attorney's fees. Although the nature of

---

1. We note that our interpretation of section 22 comports with that set forth by the Solicitor of the Department of Labor in a September 12, 2003, letter-brief filed at the invitation of the Court. Because the Secretary of Labor is, by statute, delegated authority to administer section 22, *see* 33 U.S.C. § 939, his interpretation of the statute would, in many circumstances, be entitled to deference. *See* *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); *Rambo*, 521 U.S. at 136, 117 S.Ct. 1953. We need not decide if deference is warranted in this case; for the reasons stated in this opinion, we independently reached the same conclusion as the Secretary about the proper interpretation of section 22.

**278**

Jensen's objection is unclear, it appears to arise from a dispute with Weeks Marine about the conveyance of funds pursuant to that award. We have no authority to address this dispute, as actions seeking enforcement must be addressed to the district court. *See* 33 U.S.C. § 921(d).

#### CONCLUSION

We have considered all of appellant's arguments and find them to be meritless. For the foregoing reasons, the order of the Benefits Review Board is affirmed and the petition is denied.