**ELECTRIC BOAT CORP., Petitioner,**

v.

**Andrew BLAYMAN, Claimant–Respondent,**

**Director, Office of Workers' Compensation Programs and United States Department of Labor, Respondent.**

No. 06–5365–ag.

United States Court of Appeals, Second Circuit.

Feb. 7, 2008.

Edward W. Murphy, Morrison Mahoney LLP, Boston, MA, for Petitioner.

David N. Neusner, Embry & Neusner, Groton, CT, for Claimant–Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. GREGORY W. CARMAN,* Judge.

* The Honorable Gregory W. Carman, Judge, United States Court of International Trade, sitting by designation.

## SUMMARY ORDER

Petitioner Electric Boat Corporation ("Electric Boat") seeks review of a final order of the BRB, reversing in part and affirming in part the decision of Administrative Law Judge ("ALJ") Colleen A. Geraghty under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–50 (the "Act"). We assume the parties' familiarity with the facts and procedural history of the case.

The Act requires maritime employers to pay compensation to covered employees injured on the job in an amount determined by the extent and nature of the disability. *Id.* §§ 904, 908. The Act provides for compensation for permanent partial disabilities resulting from both "scheduled" and "unscheduled" injuries. Disabilities resulting from scheduled injuries are compensated at the rate of 2/3 of average weekly wages at the time of injury for a specified number of weeks, regardless of post-injury earning capacity. *See id.* § 908(c)(1)–(20). Disabilities resulting from unscheduled injuries are compensated at the rate of 2/3 of the difference between average weekly wages at the time of injury and post-injury earning capacity, for as long as the disability should last. *Id.* § 908(c)(21).

While our scope of review under the Act is limited, *Jensen v. Weeks Marine, Inc.*, 346 F.3d 273, 276 (2d Cir.2003), we are vested with the authority to "give a decree affirming, modifying, or setting aside, in whole or in part, [an] order of the Board and enforcing same to the extent that such order is affirmed or modified." 33 U.S.C. § 921(c). We review the BRB's legal determinations *de novo*,[1] *Barscz v. Dir., OWCP*, 486 F.3d 744, 749 (2d Cir.2007), and must ensure that the BRB "adhere[d]

to the statutory standard governing [its] review of the [ALJ's] factual determinations." *Fleischmann v. Dir., OWCP*, 137 F.3d 131, 134 (2d Cir.1998) (quoting *King v. Dir., OWCP*, 904 F.2d 17, 18 (9th Cir. 1990) (per curiam)) (internal quotations omitted). The BRB must affirm the ALJ's factual findings if they are supported by substantial evidence in the record considered as a whole. 33 U.S.C. § 921(b)(3); *see also Burns v. Dir., OWCP*, 41 F.3d 1555, 1562 (D.C.Cir.1994) ("The BRB has no authority to second-guess the findings of the ALJ if those findings are supported by substantial evidence." (internal quotations and citations omitted)). Neither we nor the BRB are permitted to make findings of fact with respect to contested matters. *Volpe v. Ne. Marine Terminals*, 671 F.2d 697, 700 (2d Cir.1982). However, we will "conduct an independent review of the record to determine if the ALJ's findings are supported by substantial evidence." *Burns*, 41 F.3d at 1562 (internal quotations omitted).

The principal underlying issue in this case is whether respondent Andrew Blayman ("Blayman") is entitled to a scheduled award under section 8(c)(2) of the Act, which covers permanent injuries to the "[l]eg." 33 U.S.C. § 908(c)(2). Legally, the situs of the injury determines whether an award is scheduled or unscheduled. Scheduled awards under section 8(c) are not appropriate "where the actual situs of the injury is to a part of the body not specifically listed in the schedule, even if the injury *results* in disability to a part of the body which is listed" *Ward v. Cascade Gen., Inc*, 31 BRBS 65, 67 (1995) (emphasis added); *see also Grimes v. Exxon Co., U.S.A.*, 14 BRBS 573, 576 (1981) (holding that "the schedule is not applicable where

---

1. The BRB is not a policy-making body and its interpretation of the Act "is not entitled to any special deference from the courts." *Poto-mac Elec. Power Co. v. Dir., OWCP*, 449 U.S. 268, 279 n. 18, 101 S.Ct. 509, 66 L.Ed.2d 446 (1980).

the injury is to a part of the body not specifically listed therein, even if the injury results in disability to a scheduled part of the body"). Thus, "an injury to Body Part X resulting in a functional impairment to Body Part Y will be classified according to X." *Keenan v. Dir., Benefits Rev. Bd.,* 392 F.3d 1041, 1044 (9th Cir. 2004); *see also Pool Co. v. Dir., OWCP,* 206 F.3d 543, 547 (5th Cir.2000); *Barker v. U.S. Dep't of Labor,* 138 F.3d 431, 434–35 (1st Cir.1998). Factual findings are necessary to determine the situs of the injury.

■ Here, the ALJ determined, "[o]n the evidence presented," that Blayman "suffered a hip injury resulting in arthritis, and he did not have an injury to the leg apart from the arthritis in the hip joint." Accordingly, the ALJ held that Blayman's injury was not compensable under section 8(c)(2). The BRB reversed, finding that the "uncontradicted evidence of record establishes that [Blayman] sustained a work-related injury to the femoral head, which, legally, is part of the thigh, or upper leg, bone." The BRB found significant Dr. Richeimer's testimony that the cartilage was worn off the femur and the femoral head was elongated with spurs and bone cysts. On that basis, the BRB held that Blayman suffered a "leg" injury covered by section 8(c)(2).

We find that the ALJ's factual findings are supported by substantial evidence and, relatedly, that the BRB made improper factual findings regarding the nature of Blayman's injury. The medical evidence and testimony in the record amply support the ALJ's conclusion that "[a]lthough Claimant did indeed suffer a hip injury, he did not suffer a separate distinct leg injury." Blayman's first diagnosis was a hip sprain, which is a "joint injury." *Dorland's Illustrated Medical Dictionary* 1686 (29th ed.2000). All subsequent medical documents characterize Blayman's injury as right hip arthritis. Dr. Richeimer testified that osteoarthritis occurs "when you have degeneration of a joint" and, further, that arthritis in the hip joint results in the development of bone cysts on both the femoral and acetabulum side of the hip area. Significantly, the first x-rays of Blayman's hip show bone cysts on the acetabulum side of the hip, but not on the femoral side. Thus, substantial evidence supports the ALJ's finding that Blayman suffered a hip injury and that "he did not have an injury to the leg apart from the arthritis in the hip joint" that resulted from his fall.

Because the ALJ's determination that Blayman suffered a hip injury was supported by substantial evidence, we conclude that Blayman's injury was a non-scheduled injury under the Act. The Act's compensation schedule lists 20 different specific injuries and provides that non-scheduled awards are appropriate in "all other cases," 33 U.S.C. § 908(c)(21), *i.e.,* for "any injury not included within the list of specific injuries." *Potomac Elec. Power Co. v. Dir., OWCP,* 449 U.S. 268, 274, 101 S.Ct. 509, 66 L.Ed.2d 446 (1980). An injury to the hip—even one that subsequently results in an impairment in the use of a leg—is a non-scheduled injury under section 8(c)(21). Indeed, in an anatomically analogous context, at least two circuit courts and the BRB have held that a shoulder injury that results in impairment to the arm is not compensable as a scheduled arm injury. *See Keenan,* 392 F.3d at 1045; *Pool Co.,* 206 F.3d at 548; *Burkhardt v. Bethlehem Steel Corp.,* 23 BRBS 273, 275 (1990); *Andrews v. Jeffboat, Inc.,* 23 BRBS 169, 173 (1990); *McDevitt v. George Hyman Constr.,* 14 BRBS 677, 680 (1982); *Grimes,* 14 BRBS at 576.

The BRB's reliance on its decision in *Bivens v. Newport News Shipbuilding & Dry Dock Co.,* 23 BRBS 233 (1990), is

misplaced. There, the BRB held that a claimant who had sustained both a shoulder and biceps injury could recover under section 8(c)(21) for the unscheduled shoulder injury, as well as under section 8(c)(1) for the scheduled arm injury. The claimant in *Bivens* "injured the capsule inside the right shoulder joint." *Bivens v. Newport News Shipbuilding & Dry Dock Co.*, 21 BRBS 100, 106 (ALJ Decision 1988). This injury was the shoulder injury referenced by the BRB and compensated as a non-scheduled injury under section 8(c)(21). But the *Bivens* claimant *also* suffered a tear to his biceps tendon. Indeed, the BRB noted that the ALJ in that case "made a factual determination that [the] claimant sustained actual injury ... to both his right arm and his right shoulder." *Bivens*, 23 BRBS at 236. Here, in contrast, the ALJ found that Blayman suffered *only* a hip injury resulting in arthritis, and no separate injury to the leg.

Having concluded that substantial evidence supports the ALJ's determination that Blayman suffered a non-scheduled injury, we now turn to the issue of attorney's fees. Attorney's fees are appropriate "[i]f the employer ... declines to pay any compensation ... on the ground that there is no liability for compensation within the provisions of this chapter and the person seeking benefits ... thereafter ... utilize[s] the services of an attorney at law in the successful prosecution of his claim." 33 U.S.C. § 928(a). An award of attorney's fees is reviewed for abuse of discretion. *Horphag Research Ltd. v. Pellegrini*, 337 F.3d 1036, 1042 (9th Cir.2003).

▉ The ALJ's award of attorney's fees was based solely on her finding that Blayman was entitled to continuation of medical benefits under section 7 of the Act, notwithstanding that Electric Boat had voluntarily paid the benefits to date and that Blayman had never contended otherwise. The purpose of section 7, however, is to provide attorney's fees where the employer contests the existence or extent of liability and the claimant succeeds in proving liability or otherwise obtains an increase in compensation. *See E.P. Paup Co. v. Dir., OWCP*, 999 F.2d 1341, 1354 (9th Cir.1993). Attorney's fees are thus appropriate only where the claimant successfully claims coverage that has been disputed, either in whole or in part, by the employer. *Ayers S.S. Co. v. Bryant*, 544 F.2d 812, 813–14 (5th Cir.1977); *see also Richardson v. Cont'l Grain Co.*, 336 F.3d 1103, 1106 (9th Cir.2003).

Where payment of medical benefits is at issue, the claimant is unquestionably entitled to attorney's fees if his claim succeeds. *See Oilfield Safety & Mach. Specialties, Inc. v. Harman Unlimited, Inc.*, 625 F.2d 1248, 1257 (5th Cir.1980). Here, however, there was no dispute regarding medical benefits. There was no allegation that Electric Boat declined to pay these benefits, and thus no "claim" for such benefits was successfully prosecuted. Even if this were not the case, moreover, attorney's fees for medical benefits are permitted only "if a claim [for those benefits] has been made to the employer ... before commencement of administrative proceedings." *Davis v. U.S. Dep't of Labor*, 646 F.2d 609, 613 n. 6 (D.C.Cir.1980). Nothing in the record suggests that Blayman made such a claim.

Accordingly, we **GRANT** the petition for review. The final order of the BRB is **REVERSED** and the case is **REMANDED** to the BRB with instructions to reinstate the portion of the ALJ's decision finding that Blayman did not suffer a scheduled injury under the Act and to vacate the portion of the ALJ's decision awarding attorney's fees.