SUMMARY ORDER
Petitioner Samuel B. Tucker, Jr. appeals from the June 22, 2007 final decision of the Benefits Review Board (“BRB”), regarding an award of workers compensation under the Longshore and Harbor Workers’ Compensation Act, 33 U.S.C. §§ 901-950 (“the Act”). Though we assume the parties’ familiarity with the factual and procedural history of the case, we revisit key portions of that history here.
A.
In 1993, Tucker filed a claim for compensation under the Act for occupational diseases alleged to have been caused by exposure to hazardous substances in the course of work for Electric Boat Corporation in Connecticut. In 2000, Tucker filed additional claims naming respondent Thames Valley Steel (“TVS”) and others *984 as alternatively liable employers. Hartford Insurance Company (“HIC”), which is TVS’s insurance carrier, was also named as a respondent by Tucker. The claims came before the District Director of the Department of Labor’s Office of Workers’ Compensation Programs in Boston, Massachusetts, in an attempt to bring the parties to a resolution, but the parties could not come to a full agreement. The District Director then referred the matter to the Office of Administrative Law Judges.
Following a formal hearing, Administrative Law Judge Daniel F. Sutton (“ALJ”) issued a “Decision and Order Awarding Benefits and Denying Special Fund Relief’ in September 2003. In the decision, the ALJ found that Tucker had established that he suffers from “asbestos-related interstitial lung disease which is causally related to his employment at TVS.” J.A. at 25. Tucker alleged that he had been totally disabled since 1985 as a result of his disease, and the ALJ noted that a series of chest x-rays from that year revealed “a poor inspiratory effort with pleural thickening and tenting at the cardiac apex.” Id. at 14. The ALJ also noted, however, that it was not until 1993 that Tucker was given a full examination which revealed that he had “indisputable evidence of asbestos-related pleural disease with scarring in the lower lobe lining” as a result of his exposure to asbestos. Id. Still, the ALJ ordered TVS and HIC to pay Tucker total disability compensation benefits from May 1985 onwards because Tucker had stopped work “at least in part, [due] to his occupational disease,” and was thus an involuntary retiree.[1] Id. at 26.
Following the ALJ’s decision, Tucker filed a motion asserting that the ALJ erred in his computation of Tucker’s weekly compensation rate. TVS and HIC in turn filed a motion for reconsideration on several of the ALJ’s determinations, arguing, inter alia, that (1) Tucker’s claim against them was not timely filed; (2) Tucker’s medical condition had not caused Tucker permanent and total disability since May 1985; and (3) Tucker is not an involuntary retiree but a voluntary retiree for purposes of the Act. In a November 5, 2003 Order, the ALJ granted the motion of TVS and HIC for reconsideration on whether Tucker’s claim against them was timely filed, and upon reconsideration the ALJ concluded that it was, indeed, timely. The ALJ then denied TVS and HIC’s motion for reconsideration with respect to its other claims, and also denied Tucker’s motion for reconsideration.
On November 13, 2003, TVS and HIC appealed the ALJ’s decision to the Benefits Review Board. The BRB acknowledged this appeal on December 12, 2003, and assigned it the docket number BRB No. 04-0136. At roughly the same time, TVS and HIC filed a motion for reconsideration with the ALJ, which was denied on December 17, 2003. On December 23, 2003, TVS and HIC filed another appeal to the BRB. TVS and HIC attached a cover letter to the December 23 notice, addressed to the Clerk of the Board, stating that “[a]s we discussed, the BRB will not assign a new docket number to this appeal, but rather, the BRB will consolidate this Notice with the previously filed Notice of Appeal.” Id. at 94 (emphasis in the original). On February 23, 2004, the BRB dismissed their original appeal — BRB No. 04-0136 — as premature, pursuant to § 802.206(f) of the BRB’s Rules of Practice and Procedure, since TVS and HIC had subsequently filed a motion for reconsideration. *985 [2] Also in its Order of February 23, 2004, the BRB acknowledged TVS and HIC’s second appeal and construed it as an appeal of all of the underlying decisions, and assigned it the docket number BRB No. 04-0136.
In December 2004, the BRB issued a decision reversing the ALJ’s decision that Tucker was an involuntary retiree, on the ground that “there is no evidence that [Tucker] left his employment in 1985 due to his lung disease.” Id, at 73. The BRB further concluded that, “[a]s we have held that [Tucker]’s 1985 retirement was not related to his lung disease, we cannot affirm [the May 1985] onset date.” Id. at 74.
On remand, the ALJ determined that Tucker was “entitled to an award of permanent partial disability compensation,” and that, “[s]ince the Board also held that [Tucker]’s testimony cannot support a finding regarding the date on which his work-related disability commenced[,] his work-related disability [is deemed to have] commenced on April 1,1993,” when a medical report first linked Tucker’s illness to his past employment. Id. at 84. The ALJ’s decision was issued April 13, 2006, and Tucker filed a motion for reconsideration soon after. Among other things, Tucker requested reconsideration of the ALJ’s new commencement date for benefits, which the ALJ declined to revisit.
Tucker appealed the ALJ’s decision of April 13, 2006 to the BRB, arguing, inter alia, that the December 23, 2003 appeal of TVS and HIC to the BRB had sought review only of the ALJ’s decision on the second motion for reconsideration, and, accordingly, that the BRB should not have considered all of the ALJ’s previous decisions in the case. Tucker also argued that the ALJ erred in finding that the onset date of his work-related disability was in 1993 and not in 1985. In a June 22, 2007 Decision and Order, the BRB affirmed the ALJ’s April 13, 2006 Decision and Order. Tucker then filed a timely notice of appeal to this Court.
B.
On appeal, Tucker makes three central arguments. First, he renews his argument, made to the BRB, that TVS and HIC’s December 23, 2003 appeal sought review only of the ALJ’s decision on the second motion for reconsideration, and thus that the BRB lacked jurisdiction to consider all of the ALJ’s previous decisions in the case. See Appellant Br. at 21. Second, Tucker argues that even if the BRB had jurisdiction to review the ALJ’s previous decisions, the BRB exceeded its “substantial-evidence” scope of review when it reversed the ALJ’s original determination that the onset of Tucker’s disability was in 1985. Id. at 32. Third, Tucker argues that the BRB erred in affirming the ALJ’s determination on remand of the “onset” date for Tucker’s impairment award because the ALJ erroneously thought it was constrained to conclude that there was insufficient evidence to support an onset date of 1985. Id at 37.
The Act grants jurisdiction to the Courts of Appeals to “give a decree affirming, modifying, or setting aside, in whole or in part, [an] order of the [BRB] and enforcing same to the extent that such order is affirmed or modified.” 33 U.S.C. § 921(c). However, “[o]ur review is limited to whether the BRB made any errors of *986 law and whether substantial evidence supports the ALJ’s findings of fact.” Rainey v. Dir., Office of Workers’ Comp., 517 F.3d 632, 634 (2d Cir.2008). We review de novo decisions of law by the BRB. Universal Mar. Serv. Carp. v. Spitalieri, 226 F.3d 167,172 (2d Cir.2000).
With respect to Tucker’s first argument on appeal, we agree with the BRB that it did have jurisdiction to consider the ALJ’s previous decisions and not only its denial of reconsideration. As the BRB noted, the cover letter of TVS and HIC’s December 23, 2003 appeal specifically requested that it be consolidated with its November 13, 2003 appeal, which had not yet been dismissed as premature, and which sought review of the ALJ’s September 2003 Decision and Order Awarding Benefits. Because the BRB may treat as a notice of appeal “any written communication which reasonably permits identification of the decision from which an appeal is sought,” 20 C.F.R. § 802.208(b), it was within its authority to consider the cover letter to the December 23, 2003 appeal, along with the appeal itself in determining that TVS and HIC sought review of the ALJ’s original grant of benefits as well as its subsequent denial of reconsideration. Accordingly, we conclude that Tucker’s claim regarding the BRB’s jurisdiction is without merit.
With respect to Tucker’s second claim, we conclude that the BRB did not exceed its scope of review when it reversed the ALJ’s findings that May 1985 was the date of the onset of Tucker’s disability. Although the record shows that Tucker experienced health problems of several types in 1985, we agree with the BRB that the record “[does] not support the existence of a permanent respiratory impairment at that time.” J.A. at 100. Accordingly, the ALJ’s original finding was not supported by the necessary “substantial evidence,” and the BRB did not exceed its scope of review in reversing that determination.
Finally, with respect to Tucker’s third claim, we conclude that, on remand, the ALJ correctly determined that he was precluded by the BRB’s prior decision from finding that Tucker’s disability arose is 1985. The BRB expressly concluded that “[t]here is no evidence that [Tucker’s] lung condition affected [his] ability to perform his job” in 1985, id. at 73, refused to affirm a 1985 impairment commencement date for this reason, and noted that mere diagnosis of an illness and evidence of pleural thickening were insufficient to support a finding of disability. In the circumstances of this case, the BRB’s determination that there was no substantial evidence supporting the ALJ’s original conclusion that Tucker was disabled by a work-related condition in 1985 necessarily implied that there was also insufficient evidence that he suffered any impairment from a work-related condition at that time. The ALJ was therefore correct to conclude that he could not find that Tucker’s disability arose in 1985. Accordingly, the ALJ did not err in finding that the onset of Tucker’s impairment was in 1993, and the BRB did not err in affirming that finding.

CONCLUSION

We have considered all of plaintiffs arguments on appeal and found them to be without merit. Accordingly, the petition of review is DENIED.

. Though the ALJ’s order states that Tucker should receive benefits '‘commencing May 21, 1984,” see J.A. at 28, he later amended his decision to provide that the correct date from which compensation was payable was May 21, 1985.

. Section 802.206(0 states in pertinent part:
If a timely motion for reconsideration of a decision or order of an administrative law judge ... is filed, any appeal to the Board, whether filed prior to or subsequent to the filing of the timely motion for reconsideration, shall be dismissed without prejudice as premature.
20 C.F.R. § 802.206(f).