7 F.3d 321
 1994 A.M.C. 1516
 SEALAND TERMINALS, INC. and Utica Mutual Insurance Company,
Petitioners,
v.
Mario GASPARIC and Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 521, Docket 93-4103.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 18, 1993.
Decided Oct. 21, 1993.
 
 Lawrence P. Postol, Washington, DC (Seyfarth, Shaw, Fairweather & Geraldson, of counsel), for petitioner-employer/Bondholder.
 Philip J. Rooney, New York City (Israel, Adler, Rinca & Gucciardo, of counsel), for claimant-respondent.
 Marianne Demetral Smith, United States Dept. of Labor, Office of the Sol., Washington, DC (Thomas S. Williamson, Jr., Sol. of Labor, Carol A. De Deo, Associate Sol., Samuel J. Oshinsky, Counsel for Longshore, of counsel), for respondent, Director, Office of Workers' Compensation Programs.
 Before: McLAUGHLIN, JACOBS and REAVLEY,* Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioners Sealand Terminals, Inc., and its bondholder, Utica Mutual Insurance Company (collectively "Sealand"), petition for review of the Decision and Order of the Benefits Review Board ("BRB") dated April 8, 1993. The BRB granted relief to claimant-respondent Mario Gasparic, and denied relief to Sealand under section 8(f), 33 U.S.C. § 908(f), of the Longshore and Harbor Workers' Compensation Act. We affirm.
 
 
 2
 On February 19, 1981, Gasparic sustained injuries while working as a longshoreman for Sealand. Gasparic applied for workers' compensation benefits, claiming that his injuries left him totally and permanently disabled. In a proceeding before an Administrative Law Judge ("ALJ"), Sealand contested the permanency of Gasparic's disability; Sealand maintained that Gasparic's injuries caused only temporary aggravation of his pre-existing arthritic back condition. Sealand also claimed section 8(f) relief, arguing that Gasparic suffered from three pre-existing permanent partial disabilities, specifically, two bad knees and a bad back. The ALJ ruled in Gasparic's favor, and denied section 8(f) relief to Sealand. The BRB affirmed the ALJ's decision in its entirety.
 
 
 3
 1. Sealand argues that the ALJ's decision was not supported by substantial evidence, and that the ALJ's opinion failed to adequately address, and give proper weight to, evidence favorable to Sealand. In essence, Sealand complains that the ALJ credited Gasparic's witnesses and evidence and rejected its own. However, we are not free to re-weigh the evidence or to make determinations of credibility. See F.H. McGraw & Co. v. Lowe, 145 F.2d 886, 887-88 (2d Cir.1944); see also Ingalls Shipbuilding, Inc. v. Director, OWCP, 991 F.2d 163, 165 (5th Cir.1993) (reviewing court "typically defer[s] to the ALJ's credibility choices between witnesses and evidence"). The scope of our review is limited: "We will only consider whether the BRB made any errors of law and whether the ALJ's findings of fact, in light of the entire record, are supported by substantial evidence." Crawford v. Director, OWCP, 932 F.2d 152, 154 (2d Cir.1991). See O'Keeffe v. Smith, Hinchman & Grylls Assocs., Inc., 380 U.S. 359, 362, 85 S.Ct. 1012, 1014, 13 L.Ed.2d 895 (1965); Potenza v. United Terminals, Inc., 524 F.2d 1136, 1137 (2d Cir.1975). We have carefully reviewed the entire record and conclude that substantial evidence exists to support the ALJ's findings.
 
 
 4
 2. Sealand also argues that the BRB erred when it denied Sealand section 8(f) relief. In section 8(f), Congress recognized that employers might be disinclined to hire and retain partially disabled workers for fear of major liability should a work injury aggravate the pre-existing disability. See Lawson v. Suwannee Fruit & S.S. Co., 336 U.S. 198, 202, 69 S.Ct. 503, 505, 93 L.Ed. 611 (1949). Accordingly, Section 8(f) limits an employer's compensation liability to two years if an employee with a pre-existing permanent partial disability sustains a work-related injury that results in total, permanent disability. 33 U.S.C. § 908(f). After two years, compensation liability shifts to a special fund established under 33 U.S.C. § 944. "To obtain the benefit of section 8(f), an employer must show that (1) 'the employee had a pre-existing permanent partial disability,' (2) 'this disability was manifest to the employer prior to the subsequent injury,' and (3) the 'subsequent injury alone would not have caused the claimant's total permanent disability.' " Director, OWCP v. General Dynamics Corp., 982 F.2d 790, 793 (2d Cir.1992) (quoting Director, OWCP v. Luccitelli, 964 F.2d 1303, 1305, 1306 (2d Cir.1992) (emphasis in Luccitelli )).
 
 
 5
 Sealand argues that Gasparic's pre-existing knee and back conditions satisfy section 8(f). We disagree. Sealand failed to demonstrate to the ALJ that the February 19 accident alone would not have caused his permanent disability. See Luccitelli, 964 F.2d at 1306. In addition, we agree with the BRB that Gasparic's back condition was not "manifest" to Sealand prior to the accident. That Gasparic's back condition could have been discovered through the use of X-rays hardly renders the condition manifest to Sealand. "Adopting a rule based on discoverability would virtually eliminate the purpose of the court's long-standing and widely observed requirement that the preexisting disability contemplated under section 8(f) be 'manifest.' " White v. Bath Iron Works Corp., 812 F.2d 33, 36 (1st Cir.1987).
 
 
 6
 3. Finally, we decline Sealand's invitation to join the Sixth Circuit, see American Ship Building Co. v. Director, OWCP, 865 F.2d 727 (6th Cir.1989), in abandoning the section 8(f) requirement that the employee's pre-existing condition be "manifest" to the employer. The manifest requirement is supported by sound reasoning as well as an overwhelming weight of authority, see, e.g., Director, OWCP v. Berkstresser, 921 F.2d 306, 309-10 (D.C.Cir.1990); Eymard & Sons Shipyard v. Smith, 862 F.2d 1220, 1223 (5th Cir.1989); White, 812 F.2d at 35-36; Director, OWCP v. Cargill, Inc., 709 F.2d 616, 619 (9th Cir.1983) (en banc); Duluth, Missabe & Iron Range Ry. Co. v. United States Dep't of Labor, 553 F.2d 1144, 1150-51 (8th Cir.1977); Atlantic & Gulf Stevedores, Inc. v. Director, OWCP, 542 F.2d 602, 609 (3d Cir.1976), and is consistent with Congressional intent to prevent discrimination against partially disabled workers. See C & P Tel. Co. v. Director, OWCP, 564 F.2d 503, 514 n. 10 (D.C.Cir.1977). This case presents no compelling reason to question so well-settled a rule of law.
 
 
 7
 Affirmed.
 
 
 
 *
 The Honorable Thomas M. Reavley, of the United States Court of Appeals for the Fifth Circuit, sitting by designation