*Gabriel v. United States Dep't. of Lab.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

ROGER AVENDANO GABRIEL,

> *Petitioner,*

> v.                                                    No. 24-2254

UNITED STATES DEPARTMENT OF LABOR, SOC, LLC, CONTINENTAL INSURANCE COMPANY,

> *Respondents.*

_____

**For Petitioner:**                    Arjun Sahni, Allison T. Graber, Garn &
                                       Graber, LLC, Lauderdale by the Sea, FL.

**For Respondent:**                    Sherman W. Jones, III; Sergio A. Reynoso,
                                       Markovich Grover, PLLC, Houston, TX.

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Benefits Review Board (the "Board"), **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Roger Avendano Gabriel ("Avendano") seeks review of a Final Order of the Board denying his claim for compensation and medical benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq.* ("LHWCA"), as extended by the Defense Base Act, 42 U.S.C. §§ 1651 *et seq.* We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

In 2011, Avendano began working as a security guard in Iraq for SOC-SMG, Inc. ("SOC"), a private security company that operated in Iraq under a U.S. Department of Defense contract. Before that, he had been employed in Iraq as a security guard by a different private security contractor between 2007 and 2011. During his employment with SOC, he was mainly posted at the U.S. Embassy and at nearby security checkpoints. Avendano testified that during his time in Iraq, he

2

suffered various traumatic incidents, including a mortar falling near him while he was on duty, having to take shelter in a location where there were "flies - flying worms"– and a nighttime attack, where mortar shells fell on his camp. SOC App'x at 10–11. On January 8, 2012, Avendano went on medical leave and returned to his native Peru.

On June 9, 2020, Avendano filed a claim for compensation with SOC for psychological injuries related to his work in Iraq. SOC and its insurance carrier denied his claim for medical and disability compensation, and the claim was referred to the Office of Administrative Law Judges at the Department of Labor on November 4, 2021. The Administrative Law Judge ("ALJ") subsequently issued a written decision on February 2, 2023, denying Avendano's claim for work-related psychological injuries. Avendano timely filed his Petition for Review before the Board, which affirmed the ALJ's decision on June 7, 2024. Avendano timely appealed that decision.

Our review of the underlying administrative decision is limited: we consider only "whether the [Board] made any errors of law and whether the ALJ's findings of fact, in light of the entire record, are supported by substantial evidence." *Am. Stevedoring Ltd. v. Marinelli*, 248 F.3d 54, 58 (2d Cir. 2001) (internal

3

quotation marks omitted). "Substantial evidence is such evidence as a 'reasonable mind might accept as adequate to support a conclusion.'" *Serv. Emps. Int'l, Inc. v. Dir., Office of Workers' Comp. Program*, 595 F.3d 447, 455 (2d Cir. 2010) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951)). "If the decision of the ALJ is supported by substantial evidence, is not irrational, and is in accordance with the law, the decision must be affirmed." *Pietrunti v. Dir., Office of Workers' Comp. Programs*, 119 F.3d 1035, 1040 (2d Cir. 1997) (internal quotation marks omitted).

## I. The ALJ's Assessment of Avendano's Credibility Was Supported by Substantial Evidence.

Avendano argues that the ALJ should not have concluded that his credibility was "questionable" based on "minor inconsistencies" in his testimony. Avendano Br. at 30. We disagree.

As a factfinder, the ALJ "has the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence." *Pietrunti*, 119 F.3d at 1042 (internal quotation marks omitted). "Credibility findings of an ALJ are entitled to great deference and therefore can be reversed only if they are patently unreasonable." *Id.* (internal quotation marks

4

omitted).  "[W]e are not free to re-weigh the evidence or to make determinations of credibility."  *Sealand Terminals, Inc. v. Gasparic*, 7 F.3d 321, 323 (2d Cir. 1993).

Here, the ALJ's negative assessment of Avendano's credibility was supported by substantial evidence.  For starters, the ALJ noted that Avendano testified during his deposition – and reported to several doctors – that he was sent back to Peru on medical leave in 2012 for psychological reasons.  SOC App'x at 37.  But at no point did the camp physician in Iraq suggest that Avendano was exhibiting or being treated for any psychological issues.  Instead, the physician's letter indicates that Avendano was seen at the clinic on multiple occasions for "repeated episodes of hives" that were "resistant to antihistamine therapy" and for "symptoms of airway edema associated with these episodes."  CAR Vol. II at 117.  The letter further notes that Avendano was being "returned to Peru" because treatment for allergies was not available in Iraq.[1]  *Id.*  Furthermore, Avendano testified in his deposition that after returning to Peru "on medical leave," he could not return to Iraq to complete his one-year contract because he was "feeling bad."

---

[1] The letter from the camp doctor stated that Avendano "should be evaluated by an allergy specialist[] and have patch testing done.  If testing is able to identify what substance or substances he is allergic to, and if they are reasonably avoidable while deployed to Iraq, he will be considered for return[.]"  CAR Vol. II at 117.

CAR Vol. III at 24.  But Avendano told Dr. Yuri V. Lorenzo, SOC's medical expert, that he was not allowed to return to Iraq because he had failed the English test. CAR Vol. I at 156.

There were also multiple inconsistencies in Avendano's recollection of the traumatic incidents that allegedly happened while he was in Iraq.  *Id.*  For example, Avendano could not recall whether a night attack on his camp occurred in 2010 or 2011.  *Id.* Vol. I at 28.  He also reported to Dr. Gustavo R. Benejam, his own medical expert, that he found part of a finger on blood-covered ground while on duty, *id.* Vol. I at 18, but did not speak about this incident to any other doctor or mention it during his deposition, *id.* Vol I. at 29.  And he gave inconsistent explanations as to when his symptoms arose, telling one doctor that he developed "psychological problems and nightmares [during] the first months of his stay" in Iraq,[2] CAR Vol. I at 22, 27, while testifying at his deposition that he slept "like normal" prior to his employment with SOC, *id.* Vol I. at 28, and telling Dr. Lorenzo that he developed insomnia following an explosion in 2010, *id*.

While Avendano maintains that these inconsistencies should be attributed to his "cognitive difficulties and recall problems," Avendano Br. at 31, it is for the

---

[2] Avendano worked in Iraq from 2007 to 2011 for Triple Canopy, another private military contractor that provided security services for the U.S. military in Iraq.  CAR Vol. II at 66.

ALJ to evaluate whether a petitioner's testimony resulted from a lack of credibility or a more innocent cause. *See Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006) (noting that we give "particular deference to" the credibility determinations of the factfinder). Given the ALJ's clearly stated rationale and the evidence in the record, we find that the ALJ's credibility determination was supported by substantial evidence and not "patently unreasonable." *Pietrunti*, 119 F.3d at 1042 (internal quotation marks omitted).

## II. The ALJ Properly Concluded That Avendano Failed to Establish a Causal Relationship Between His Injury and His Employment.

Avendano also contends that the ALJ "improperly accorded" too "little weight" to his physicians' opinions when evaluating whether he had established a causal relationship between his injury and employment. Avendano Br. at 35; *see Am. Stevedoring Ltd.*, 248 F.3d at 65. But the ALJ's decision to place greater weight on the report of Dr. Lorenzo than that of Dr. Benejam was supported by substantial evidence. In particular, the ALJ accorded greater weight to Dr. Lorenzo's report because Dr. Benejam – and Avendano's treating physicians – relied heavily on Avendano's self-reporting, which, given the ALJ finding that Avendano's credibility was "questionable," App'x at 28; CAR Vol. II at 19, necessarily made these reports less reliable. In contrast, Dr. Lorenzo deployed "multiple objective

7

psychological tests," "discussed in detail Avendano's experiences in Iraq, personal history and education, and occupational history," and conducted an analysis of Avendano's symptoms against the DSM-V criteria for PTSD and adjustment disorder. SOC App'x at 29. It follows that the ALJ properly relied on Dr. Lorenzo's report as "substantial evidence" sufficient to rebut the Section 20(a) presumption. *See* 33 U.S.C. § 920(a) ("In any proceeding for the enforcement of a claim for compensation … it shall be presumed, *in the absence of substantial evidence to the contrary* ... [t]hat the claim comes within the provisions of this chapter.") (emphasis added).

Because the ALJ's conclusions were supported by substantial evidence, and because it is for the ALJ, and not this Court, to weigh conflicting evidence, we find that the ALJ committed no error in according more weight to SOC's medical expert than to Avendano's medical experts.[3]

\* \* \*

---

[3] Avendano also argues that the ALJ improperly took judicial notice of reports that Dr. Benejam filed in two unrelated cases. But the ALJ made just a passing reference to those reports, and as explained above, substantial evidence supported the ALJ's conclusion that Avendano had failed to establish a causal relationship between his injury and his employment. Thus, any error related to the improper judicial notice of documents was harmless. *See Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (finding harmless error where an ALJ's consideration of a doctor's report would not have changed the ALJ's adverse determination.).

We have considered Avendano's remaining arguments and find them to be without merit.  Accordingly, we **DENY** Avendano's petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court.